# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2023-2885

———————————————

DDD CONSTRUCTION & SITE
WORK, LLC, a Florida limited
liability company, DANNY DAVIS,
individually, and TOMMY DAVIS,
individually,

      Petitioners,

      v.

WESEMAN DEVELOPMENT, LLC,
a Florida limited liability
company,

      Respondent.

———————————————

Petition for Writ of Prohibition—Original Jurisdiction.

December 6, 2023

PER CURIAM.

The Court dismisses the petition for writ of prohibition as facially insufficient.

Additionally, this opinion shall serve as a warning to all of those who practice before this Court against filing cases or case documentation as an emergency unless a true emergency exists. The warning applies to both counsel and pro se filers. When an

individual selects the emergency box in the courts' e-filing system, or titles their filing as an emergency, whether during working hours or after hours and on weekends, an important chain of events is triggered which utilizes significant time and judicial resources. First, the Clerk of the Court receives notification of an emergency and must immediately review and formally receive the filing. The Clerk then alerts the director of central staff who also must review the filing and make a determination whether emergent circumstances may exist. If so, or if it is unclear, the director alerts the panel of three judges on call for emergencies. Those three judges must then review the case and filing. The director of central staff or a staff attorney reviews and researches the case creating a case summary for the sitting emergency panel. The emergency panel reviews the summary, the case in its entirety, and the pertinent legal authority before conferencing the case to determine the outcome of the emergency.

If an emergency is filed during working hours, time is expended on the emergency by the judges, the Clerk of the Court, and central staff and away from pending cases. If an emergency is filed after hours or on holidays and weekends, significant family time is taken from the members of the Court. The Court and its employees remain willing and able to serve the State of Florida and, thus, often work after hours and on holidays and weekends when the need arises, either from an emergency filing or otherwise. The emergency option is not taken lightly by the Court, nor should it be utilized without proper thought and consideration by any counsel or pro se filer. If an individual exhibits continued improper use of the emergency filing option, this may result in the imposition of sanctions.

LEWIS, ROBERTS, and TANENBAUM, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

2

Randall Shochet and Doreen Inkeles of Shochet Law Group, Trenton, for Petitioners.

Kirstin Jurecko Megraw of Scruggs, Carmichael & Wershow, P.A., Gainesville, for Respondent.